<span style="color:red">**FILED**
**Feb 24, 2021**
**10:30 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**</span>



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Misti G. Day | ) | Docket No. 2020-03-0939 |
| | ) | |
| v. | ) | State File No. 26014-2018 |
| | ) | |
| Great Salons of Knoxville, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | Heard January 28, 2021 |
| Compensation Claims | ) | via WebEx |
| Lisa A. Lowe, Judge | ) | |

---

## Affirmed and Remanded

---

This interlocutory appeal concerns the time within which an employee must file a petition for benefits following an earlier involuntary dismissal of the claim. The employee sustained two work-related injuries, the first occurring on April 2, 2018, and the second occurring on March 20, 2019. The employee filed a petition for benefits on February 26, 2019, and, following the second injury, the employer's workers' compensation insurer chose to treat the two injuries as one claim. On December 18, 2019, the trial court dismissed the employee's petition without prejudice. The employer continued voluntarily paying workers' compensation benefits until March 2020. On April 30, 2020, the employee filed a second petition seeking additional medical treatment for her injuries and subsequently requested an expedited hearing. In response to the employer's argument that the second petition was untimely, the court determined the employee's April 30, 2020 petition was timely and that the employee was likely to prevail at trial regarding her request for additional medical benefits. The employer has appealed. We affirm the trial court's determinations and remand the case.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Joseph Ballard, Atlanta, Georgia, for the employer-appellant, Great Salons of Knoxville, Inc.

Michael C. Inman, Knoxville, Tennessee, for the employee-appellee, Misti G. Day

**Factual and Procedural Background**

Misti G. Day ("Employee") worked as a stylist for Great Salons of Knoxville, Inc. ("Employer"). On April 2, 2018, she injured her back when she slipped and fell in the course and scope of her employment. Employer accepted Employee's claim as compensable and voluntarily initiated workers' compensation benefits. Employee began treating with Dr. John Lavelle and was diagnosed as having multilevel facet arthropathy and L4-5 level spinal stenosis. Dr. Lavelle eventually placed Employee at maximum medical improvement, assessed a two percent impairment, and referred Employee for a pain management evaluation. In November 2018, Employee came under the care of Dr. Martha Smith for evaluation and treatment of her chronic pain complaints.

Dr. Smith recommended Employee undergo a lumbar medial branch block and radiofrequency ablation, but Employer's workers' compensation carrier denied authorization for the procedures. As a result, Employee filed a petition for benefits on February 26, 2019.

On March 20, 2019, Employee sustained another work-related fall when she tripped over a broom. Employer's workers' compensation insurer treated the two incidents as one claim, and Employee continued treating with Dr. Smith, who later referred Employee to a neurosurgeon. After an unsuccessful mediation to resolve the parties' dispute concerning Employee's request for additional medical care, a dispute certification notice was issued on August 29, 2019.

Employee did not file a request for a hearing within sixty days of the issuance of the dispute certification notice, as required by regulation, and the trial court set a hearing on November 18, 2019 for Employee to show cause why her case should not be dismissed due to her failure to timely request a hearing. Following the show cause hearing, the court entered an order granting Employee until December 9, 2019 to file a request for hearing, noting that Employee had not requested a hearing "because [Employer] provided a panel and is attempting to schedule an appointment with Dr. [David] Hauge," a neurosurgeon. The order granting additional time stated that Employee's failure to request a hearing by December 9 "shall result in a dismissal without prejudice for failure to prosecute her claim."

Employee first saw Dr. Hauge on December 2, 2019. His report from the visit addresses Employee's history, including the April 2018 and March 2019 falls and the symptoms and complaints Employee had been experiencing. Dr. Hauge concluded Employee had "mild left L5 motor and sensory radiculitis," and he recommended a lumbar MRI to "further assess" Employee's lumbar condition. In addition, Dr. Hauge noted cervical and left upper extremity complaints and indicated he would "request authorization to treat the cervical spine and obtain a cervical MRI."

On December 18, 2019, the trial court entered an "Order of Dismissal Without Prejudice," noting that the case was before the court on November 18 and that, although the court had extended the time for Employee to request a hearing until December 9, she "failed to do so." As a result, the court dismissed the case "without prejudice upon [Employee's] failure to prosecute her claim."

On January 9, 2020, the MRIs recommended by Dr. Hauge were completed, and on March 9, 2020, Employee returned to Dr. Hauge. According to Dr. Hauge's report, Employee presented "for continuing evaluation [and] treatment of chronic low back pain and left L4 sensory radiculitis." The report stated that "[c]onservative measures including physical therapy, medial branch blocks, and lumbar bracing have given her no improvement of her symptoms," and that "[i]t is reasonable to offer this patient the option of surgical intervention." The surgical recommendation was sent to utilization review, where it was certified as reasonable and necessary medical treatment. Employer declined to authorize the surgery and ceased the voluntary payment of benefits in March 2020.

On April 30, 2020, Employee filed a new petition for benefits identifying April 2, 2018 as the injury date. Mediation was unsuccessful in resolving the parties' disputes, and on July 29, 2020, a dispute certification notice was issued identifying the disputed issues as compensability and medical benefits. Employee subsequently requested an expedited hearing, filing an affidavit in support of the request in which she asserted she was advised by Dr. Hauge that she needed surgery, that the surgery was approved by utilization review, and that Employer's workers' compensation insurer "was denying [surgery] as [her] original Petition for Benefit Determination was dismissed *without prejudice* on December 18, 2019."

The trial court conducted an expedited hearing on October 20, 2020. The issues were identified as whether Employee's claim for additional medical treatment was barred because she failed to refile her claim within 90 days of the previous dismissal, and, if not, whether Employee was likely to prevail at trial regarding her request for additional medical benefits. The court concluded Employee's claim was not barred, and that she was likely to prevail at trial on the merits of her claim regarding additional medical treatment. Employer has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2020). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v.*

3

*Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2020).

**Analysis**

Employer raises a single issue on appeal, which we have restated as whether Employee's April 30, 2020 petition was timely filed. Employer presents two alternative arguments. First, acknowledging that Employee's initial petition "was undoubtedly dismissed pursuant to Rule 41.02 of the Tennessee Rules of Civil Procedure," Employer contends that the December 18, 2019 dismissal order did not specifically indicate that the dismissal was to be construed as "not on the merits" and was, therefore, an adjudication on the merits that resulted in a dismissal *with* prejudice. Alternatively, Employer contends that if the court's December 18, 2019 dismissal order does not operate as a dismissal on the merits, "Employee's right to refile her petition expired ninety days after the entry of the December 2019 dismissal order." We find no merit in either argument.

Rule 41.02 of the Tennessee Rules of Civil Procedure addresses involuntary dismissals and the effect thereof. More specifically, Rule 41.02(3) provides as follows:

> Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any other dismissal not provided for in this Rule 41, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits.

The trial court's December 18, 2019 dismissal order was styled "Order of Dismissal without Prejudice." The order expressly provided that Employee's claim was "dismissed without prejudice upon [Employee's] failure to prosecute her claim for workers' compensation benefits." Employer acknowledges that the order "indicates that the dismissal was to be construed as 'without prejudice'" but insists the order "does not specifically indicate that the dismissal was to be construed as 'not on the merits' as contemplated and required by Rule 41.02(3)." A plain reading of Rule 41.02(3) discloses that a dismissal under the rule operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." The rule does not require specific words be used to signify that an order is not an adjudication upon the merits. Employer has not cited any legal authority to support its insistence that the phrase "without prejudice"

4

is insufficient to "otherwise specif[y]" that the order was not intended to be an adjudication on the merits, and we are aware of no such authority.

Turning to Employer's alternative argument, it asserts Employee's right to refile her petition "expired ninety days after the entry of the Order of Dismissal." Again, Employer cites no authority to support its position but, instead, asserts a policy argument. Employer contends that if Employee had voluntarily dismissed her 2019 petition, "there would be no question that she would be precluded from seeking the same workers' compensation benefits, unless she refiled a new Petition for Benefits within 90 days after the entry of the Order of Dismissal."

Tennessee Code Annotated section 50-6-239(c)(3) provides that "[i]f a party who has filed a request for hearing files a notice of nonsuit of the action, either party shall have ninety (90) days . . . to institute an action for recovery of benefits . . . ." The regulations adopted by the Bureau include a similar provision:

> A party may move to voluntarily dismiss a petition for benefit determination no more than once after it is filed unless the employee was awarded temporary benefits through an interlocutory order or a motion for summary judgment is pending. *If a party moves for voluntary dismissal and the order is entered, either party may file a new claim within ninety (90) days.*

Tenn. Comp. R. & Regs. 0800-02-21-.24(1) (2019) (emphasis added). However, neither section 50-6-239(c)(3) nor the above regulation is applicable as Employee did not voluntarily dismiss her petition.

According to Employer, Employee's claim was involuntarily dismissed as a result of her failure to comply with prior orders of the court, and the effect of the trial court's order awarding benefits is to put Employee in a "more advantageous position" than an employee who "proactively files a voluntary dismissal." Further, Employer asserts that "[a]llowing Employee an indefinite period of time to file a new action following an involuntary dismissal without prejudice incentivizes future employees to wait for the Court to enter an involuntary dismissal as opposed to being proactive and filing a voluntary dismissal." Again, we find no merit in Employer's argument.

An employee whose claim is involuntarily dismissed without prejudice does not have "an indefinite period of time to file a new action" as stated by Employer. Rather, an employee's claim would have to be filed within the applicable statute of limitations. Here, as noted by the trial court, Employer continued providing medical benefits until March

2020. Accordingly, we conclude Employee's April 30, 2020 petition was filed within the applicable limitation period. *See* Tenn. Code Ann. § 50-6-203(b)(2) (2020).[1]

## Conclusion

We conclude Employee's April 30, 2020 petition for benefits was timely filed, and we affirm the trial court's October 23, 2020 order granting medical benefits and remand the case. Costs on appeal are taxed to Employer.

---

[1] Employer has not raised any issue concerning the trial court's determination that Employee is entitled to additional medical treatment for her work injuries. Thus, we have not addressed that determination.

6



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Misti G. Day | ) | Docket No. 2020-03-0939 |
| | ) | |
| v. | ) | State File No. 26014-2018 |
| | ) | |
| Great Salons of Knoxville, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | Heard January 28, 2021 |
| Compensation Claims | ) | via WebEx |
| Lisa A. Lowe, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 24th day of February, 2021.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Michael Inman Jean Smathers | | | | X | michael@inmanandstadler.com jean@inmanandstadler.com |
| Joseph Ballard | | | | X | joseph.ballard@thehartford.com |
| Lisa A. Lowe, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov